IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAUNIUS ROBERT GLENN, for<br>Anita Doris Glenn,<br>　　　　Petitioner,<br><br>v.<br><br>METHODIST CHARLTON MEDICAL<br>CENTER,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 3:16-CV-3131-L-BK |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**I. BACKGROUND**

Petitioner, a resident of Lewisville, Texas, filed the petition *sub judice* on the section 2254 habeas form used by prisoner. Doc. 3 at 1. He files on behalf of his wife, Anita Doris Glenn, claiming that she is held unlawfully as a result of a November 8, 2016 *Amended Ex Parte Emergency Order* ("*Emergency Order*"), which directed that she "be removed from her residence and taken to an appropriate medical facility." Doc. 3 at 2; Doc. 4 at 1. The *Emergency Order* states that "abuse or neglect presents an immediate threat to life or physical safety" to Mrs. Glenn, who is elderly and disabled, and that she "lacks the capacity to consent to services." Doc. 4 at 1. The *Emergency Order* appointed an attorney ad litem and ordered that Mrs. Glenn "receive any necessary medical and protective services to alleviate any threat to life or physical safety." *Id.*

Petitioner names Methodist Charlton Medical Center as the Respondent.  Doc. 3 at 1.  He contends: (1) the "Texas Department of Family and Protective Services [TDFPS] is not competent to understand the TRUE condition of [the] detainee," Doc. 3 at 4, (2) TDFPS claims the Petitioner and Mrs. Glenn "are incompetent to care for self," Doc. 3 at 6, and (3) TDFPS "show[s] gross incompetence" in elder care.  *Id.*[1]

## II. ANALYSIS

At the outset, the Court must examine whether it has jurisdiction over the instant action. The primary function of the writ of habeas corpus is to seek release from unlawful custody or imprisonment.  *See e.g.*, *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010).  "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is *in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c) (emphasis added).  *See also* 28 U.S.C. § 2254(a) (stating that a federal court has jurisdiction to consider a writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.") (emphasis added); *see also Maleng v. Cook,* 490 U.S. 488, 490 (1989).  Absent custody by the authority against whom relief is sought, jurisdiction will not lie to grant habeas relief.  *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003) ("For a court to have habeas jurisdiction under section 2241, the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge.").  Habeas corpus may not be used "to

---

[1] Although the *Emergency Order* was filed in a Denton County Probate Court, it appears Petitioner has named as Respondent the Dallas Methodist Charlton Medical Center.

adjudicate matters foreign to the question of the legality of custody." *Pierre v. United States*, 525 F.2d 933, 935-936 (5th Cir. 1976).

Although the pleadings in this case are captioned as a petition for writ of habeas corpus, neither Petitioner nor Mrs. Glenn is incarcerated based on a state court judgment that violates the Constitution or laws or treaties of the United States for purposes of either sections 2254 or 2241. As a result, Petitioner cannot meet the "in custody" requirement, and the District Court lacks jurisdiction over the petition.

Moreover, insofar as Petitioner seeks to raise civil rights violations related to TFPS' treatment of Mrs. Glenn, he must retain counsel to file a separate action.[2]

Lastly, to the extent Petitioner seeks to challenge the Probate Court's *Emergency Order*, this Court lacks jurisdiction to review the same. By virtue of the *Rooker-Feldman* doctrine,[3] "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir.

---

[2] Petitioner is not a licensed attorney and, therefore, is neither qualified nor permitted to represent his wife before this Court. 28 U.S.C. § 1654 (providing that a party may proceed in federal court either on their own behalf or by counsel); FED. R. CIV. P. 11(a) (requiring that every pleading, motion, and other paper must be signed by an attorney or by a party personally if the person is unrepresented); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021-22 (5th Cir. 1998) (holding that "28 U.S.C.A. § 1654 . . . only allows for two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself.") (quotation omitted). Because the Court's lack of subject matter jurisdiction is apparent from the pleadings, that issue is not addressed as to the instant action. Nevertheless, any future action filed in this court on Mrs. Glenn's behalf must be brought by a licensed attorney or Mrs. Glenn herself.

[3] This doctrine takes its name from two Supreme Court decisions: *District of Columbia, Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). The *Rooker-Feldman* "jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F.Supp.2d 778, 788 (N.D. Tex. 2003) (Fish, C.J.) (quoting *Hale*, 786 F.2d at 691). Errors in state cases should be reviewed and settled through the state appellate process. *Rooker,* 263 U.S. at 415. The United States Supreme Court, through a writ of certiorari, is the only federal court permitted to review state court decisions. *Weekly*, 204 F.3d at 615.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction. See FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

SIGNED December 7, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE